IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RUHT DEL CARMEN TOVAR,

        Plaintiff,

vs.                                             Case No. 08-4152-SAC

SAVIA, LLC, d/b/a
TANDEM LIBRARY GROUP,
        Defendant.


MEMORANDUM AND ORDER

On January 7, 2010, the Magistrate Judge ordered the plaintiff to show cause why the case should not be dismissed for lack of prosecution under Fed.R.Civ.P. 41(b). In response to the court's order, the plaintiff's counsel filed a motion for default judgment based upon the defendant's failure to respond to the plaintiff's original complaint, and noticed his recent service on defendant of the amended complaint.

A short procedural summary is necessary. Plaintiff filed her original complaint on December 23, 2008, but did not serve the defendant until March 30, 2009. On April 24, 2009, after twenty days had passed but before the defendant either answered or filed an entry of appearance, the plaintiff filed an amended complaint against the same defendant. The plaintiff, however, did not serve the defendant with that amended complaint within 120 days. Instead, the plaintiff took no action for over eight months, until the court ordered the plaintiff to show cause why this case should not be dismissed. The plaintiff then filed a "motion for default judgment on the original complaint," *see* Dk. 7, p. 1, and a notice that he had served the amended complaint on

January 22, 2010. Dk. 5, 7.

The court first addresses the plaintiff's motion for default judgment. Federal Rule of Civil Procedure 5(a)(1)(B) provides that every pleading subsequent to the original complaint shall be served upon each of the parties. The plaintiff failed to serve his amended complaint on the defendant for an eight-month period, and has not offered any reason for that failure. To find a party in default when that party has never been served with the pleading upon which default is based would be most unjust. Apparently recognizing that principle, the plaintiff asks the court to ignore his amended complaint and grant default based on his original complaint, which the defendant failed to answer within 20 days. This, of course, is not possible, as the filing of an amended complaint supersedes the original complaint and renders the original complaint without legal effect. *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir.2007). The court thus denies the plaintiff's request for default judgment against the defendant. The court additionally notes that the plaintiff's motion for default judgment is premature because the plaintiff must first comply with the requirement of a clerk's entry of default pursuant to Fed. R. Civ. P. Rule 55(a).

The court next examines whether to dismiss the case. The plaintiff has not offered any reason whatsoever for her failure to take any action in this case from the date she filed her amended complaint on April 24, 2009, until she served the amended complaint and filed the present motion, both on January 22, 2010, in response to the court's show cause order. Rule 41(b), Fed.R.Civ.P., permits the Court to dismiss an action for lack of prosecution. By virtue of the need to manage the orderly and expeditious disposition of cases, the Court also possesses the inherent power to

dismiss sua sponte for lack of prosecution. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *In re Lundahl*, 109 Fed.Appx. 384, 386, 2004 WL 2110724, 1 (10th Cir.2004). Because the plaintiff has failed to show good cause, or any legally cognizable cause at all, why she did not serve the defendant with her amended complaint until January 22, 2010, the plaintiff's case shall be dismissed without prejudice. *See* Fed. R. Civ.Pro.4(m) (permitting court to dismiss sua sponte without prejudice where a defendant is not served within 120 days after the complaint is filed and the plaintiff fails to show good cause); D. Kan. Rule 41.1 (where plaintiff does not show good cause for lack of prosecution, court "may enter order of dismissal which shall be with prejudice unless the court otherwise specifies").

IT IS THEREFORE ORDERED that plaintiff's motion for default judgment (Dk. 5) is denied; that the plaintiff's claims are hereby dismissed without prejudice for lack of prosecution.

Dated this 26th day of January, 2010.

s/ Sam A. Crow  
Sam A. Crow, U.S. District Senior Judge